

Thomas Park Shearer, Brandon, Shearer & Flaherty, Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and KALODNER and SMITH, Circuit Judges.

PER CURIAM.

There is sufficient evidence in the case at bar to justify the conclusion that the negligence of the defendant played a part in causing the plaintiff's injury. The defendant-appellant argues in this court for the first time that a new trial should be granted because the verdict was against the weight of the medical evidence. Since this issue was not raised in the court below, we shall not consider it here. United States v. Ivy Hall Apartments, Inc., 310 F.2d 5, 10 (3 Cir. 1962). The judgment will be affirmed.

---

Ralph L. Crawford, John R. Calhoun, Savannah, Ga., for appellant.

Fred S. Clark, Asst. U. S. Atty., Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before WISDOM and GEWIN, Circuit Judges, and BREWSTER, District Judge.

**Bobby Paul ARNOLD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21775.**

United States Court of Appeals Fifth Circuit.

Jan. 21, 1965.

Rehearing Denied March 11, 1965.

PER CURIAM.

The appellant Arnold was convicted in the District Court for the Southern District of Georgia on three counts of an indictment which charged him with unlawful possession, transportation, sale, and transfer of specified amounts of non-tax-paid whiskey in violation of 26 U.S.C.A. § 5205(a) (2) and 26 U.S.C.A. § 5604(a) (1). On appeal he asserts a number of errors, including the insufficiency of the evidence relating to one count of the indictment and the prejudicial effect of certain statements made by the court in its charge to the jury. In addition, he complains of the admission into evidence of a tape recording of a telephone conversation between the appellant and certain government agents, asserting the Government did not lay a proper foundation for the admission of the recording and that, since certain portions of the tape were unintelligible, the trial judge

abused his discretion in allowing the jury to hear the evidence.

711

abused his discretion in allowing the jury to hear the evidence.

After a careful review of the record, we find no fatal error in the proceedings in the District Court. The judgment is

Affirmed.

Hubert Vernon **HARDIN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21021.

United States Court of Appeals
Fifth Circuit.

Jan. 20, 1965.

Henry Gonzalez, Tampa, Fla., for appellant.

Thomas J. Hanlon, III, Sp. Asst. U. S. Atty., Tampa, Fla., William A. Meadows, Jr., U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM.

The appellant claims that his conviction for conspiracy to enter a building with intent to steal money insured by the Federal Deposit Insurance Corporation should be reversed for failure of the trial court to grant in its entirety his motion to suppress evidence obtained from him by Mexican officers at the time of his arrest in Mexico, and to sustain an objection to the charge to the jury. While the trial court was justified in overruling the motion to suppress for the reasons set out in connection with this same search in the opinion affirming the conviction of this defendant on the substantive offense, Hardin v. United States, 5 Cir., 1963, 324 F. 2d 553, the appellant's contention here is without merit for the further reason that even though the motion to suppress was overruled after a hearing in the absence of the jury, no evidence of the fruits of the search was ever offered in the jury's presence. The court's charge was correct and fair, and there is not sufficient merit in the objection to it to warrant discussion.

The judgment of the trial court is affirmed.